UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

NORTH SHORES ENTERPRISES LLC,

        Plaintiff,

        v.                             Case No.  09-C-0851

CITY OF MEQUON,

        Defendant.

DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (DOC. 14), DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (DOC. 12), AND DISMISSING CASE

On August 10, 2009, North Shore filed the present action for monetary damages and attorneys' fees, charging that the City of Mequon through force and intimidation violated its due process rights pursuant to 42 U.S.C. § 1983 and the due process clause of the Fourteenth Amendment of the United States Constitution.  According to North Shore, a July 2006 Order to Correct issued by the City: 1) failed to reference a City ordinance that was allegedly violated; 2) failed to provide it with notice of a right to appeal any such violations; and 3) exposed it to unlimited forfeiture.  North Shore also alleges that the City knowingly issued citations in December 2006 that reference inapplicable ordinances.

The parties filed cross motions for summary judgment.  And, as discussed below, the City's motion will be granted and North Shore's motion will be denied.

I.  Summary Judgment Standard

Summary judgment is proper if the depositions, documents or electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials show that there is no genuine issue of material fact and that the moving

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating that it is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend each element of its cause of action, showing that there is a genuine issue for trial. *Id.* at 322-24. In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The mere existence of a factual dispute does not defeat a summary judgment motion; there must be a genuine issue of material fact for the case to survive. *Id.* at 247-48. "Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. To establish that a question of fact is "genuine," the nonmoving party must present specific and sufficient evidence that, if believed by a jury, would support a verdict in its favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Many facts are not contested when parties file cross-motions for summary judgment. Nevertheless, both parties are required to show that no genuine issues of material fact exist. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996).

Cross-motions for summary judgment do not convert a dispute into a question of law if material factual questions are involved and additional evidence may be adduced at trial which would be helpful in the disposition of the case. *See M. Snower & Co. v. United States*, 140 F.2d 367 (7th Cir.1944). As such, cross-motions for summary judgment do

not waive the right to a trial. *Miller v. LeSea Broad., Inc.,* 87 F.3d 224, 230 (7th Cir. 1996); *see also* 10A Charles Alan Wright et al., Federal Practice & Procedure § 2720 at 327-28 (3d ed. 1998) ("The fact that both parties simultaneously are arguing that there is no genuine issue of fact does not establish that a trial is unnecessary thereby empowering the court to enter judgment as it sees fit."). Thus, the motions must be considered separately in determining whether issues of material fact exists and judgment is entitled. *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 504 (7th Cir.2008); *Miller*, 87 F.3d at 230. Moreover, the failure of one party to satisfy the burden applicable to its motion does not indicate automatically that the opposing party has satisfied its burden and is entitled to summary judgment. *See* 10A Wright, *supra*, at 335.

## II. Facts

North Shore owns property at 10315 N. Port Washington Road, Mequon, Wisconsin, that it leased to tenants with various automobile related businesses. In 1978, the City issued a conditional use grant ("CUG") authorizing the operation of a general automotive service center on that property. The CUG was amended in September 1981, December 1988, and November 1999. Pursuant to paragraph 3 of the CUG, the property may be used for the "restoration, service and sale of antique and collector cars . . . and general automotive services . . . and an automotive paintless dent removal business." Paragraph 8b of the CUG required "[o]ffstreet parking as per Exhibit A-1" of the CUG. Use of the property was subject to the requirements of the 1999 CUG when North Shore acquired it in June 2005.

On July 24, 2006, the City's zoning enforcement officer, Michael Rakow, issued to North Shore an Order to Correct Condition of Premises. It states:

3

An inspection of the premises at the above address on July 21, 2006 revealed conditions that are in violation of the Ordinances for the City of Mequon and/or Wisconsin Administrative Code. Failure to correct the violations noted herein within the time set may subject you to prosecution and to penalties of $500 per violation per day (plus court costs) in the manner provided in Section 58-39 of the City of Mequon Ordinances. . . . You are hereby ordered to correct these violations by July 31, 2006.

It lists two violations:

1.  Your business currently displays vehicles in violation of number "8b" of the Conditional Use Grant Amendment. The vehicles are not in accordance with the following regulation: *CUG # 8b states the following: "Off-street parking as per Exhibit A-1 of this document."* Action Required: Park any/all vehicles in the . . . designated parking spaces . . . per exhibit A1 to comply with the City of Mequon Code. Parking of vehicles is only allowed in these areas.

2.  Your business is currently in violation of Conditional Use Grant # 301218. *The Conditional Use Grant states that selling classic antique and collector cars are allowed.* Action Required: Please discontinue the selling on any non-antique and non-collector cars.

The order includes the address and phone number to the City's inspection service, and states: "Questions, comments, or concerns regarding this order shall be directed to Enforcement Officer Michael by calling (262) 236-2943. You may also wish to visit the City's website at www.ci.mequon.wi.us for a look at the entire Municipal Code." The order to correct does not impose a fine upon North Shore, reference an appeals process or cite a specific Mequon Ordinance that North Shore may have violated.

Zoning enforcement officer, Rakow, sent a letter to North Shore on August 9, 2006, stating that, in accordance with the CUG, North Shore is allowed to sell only antique and collector cars. The letter explains that, as required by Exhibit A-1 of the CUG, North Shore is allowed five parking spaces on the south side of the building, thirteen parking spaces on the west side of the building and that parking is permitted only in these areas. It advises

4

that if North Shore wants the CUG modified, it must send such request to the Planning Commission. North Shore was invited to contact Rakow for further information.

On December 8, 2006, the City issued a citation to North Shore for violating the CUG for the property contrary to Mequon City Ordinance Section 58-108(a). A similar citation was issued on December 14, 2006. Both citations, subjected North Shore to payment of a forfeiture if found guilty and required North Shore to appear in the Ozaukee County Circuit Court in January 2007. North Shore entered pleas of not guilty.

Prior to trial, North Shore communicated with the Planning Commission. The Planning Commission held a meeting on February 19, 2007, to discuss the possible revocation of North Shore's CUG. Present were Mayor Nuernberg, Alderman Adams, members of the Planning Commission, staff members of the Department of Community Development, and North Shore's representatives. Jack Zader, a Department of Community Development staff member, stated "[w]hat we are looking for here tonight is . . . the authorization to set a public hearing for revocation" of North Shore's CUG. Mayor Nuernberg added that the City received complaints about the property in the summer of 2006 because new cars were sold there. Continuing, the Mayor indicated that "if these things are not cleared up . . . then we should go forward with the revocation" and that ". . . the property owner and the attorney have to know that we're serious about this . . . ." North Shore stated that it was "ready, willing and able to do what needs to be done," and that "we're trying to work with the city . . . [and] will do what is required of us."

The Planning Commission decided to hold a public hearing to seek the termination of its CUG unless North Shore submitted letters of credit for landscaping and paving by April 15, 2007, and completed the work necessary to become compliant by July 13, 2007.

North Shore began work in April 2007 and continued through at least July 2007, spending $57,461.94 for landscaping, asphalt and other changes to its property.

North Shore's trial on the citations was held in the Ozaukee County Circuit Court on December 19, 2007. *City of Mequon v. North Shore Enterprises, LLC*, No. 06-FO-1062 (July 30, 2008). Rakow, the only witness to testify, confirmed that he issued the Order to Correct and the citations.

Afterward, the court concluded that the City should have brought North Shore before the Planning Commission prior to issuing the citations and, therefore, dismissed the case. The decision rested on section 58-88(f)(4) of the City Ordinances, which reads:

> In cases where a permitted conditional use does not continue to in conformity with the conditions of the original approval due to the refusal or neglect of the permittee to comply with the conditions of the conditional use grant, plan commission may, after public hearing, terminate the condition use permit, and order use discontinued forthwith.

## III. Analysis

In pressing its claims, North Shore does not specify whether it is asserting substantive due process violations, procedural due process violations or both. Regardless, the Seventh Circuit has stated that procedural due process and substantive due process are not to be confused: substantive due process relates to the propriety of the decision whereas procedural due process is concerned with the manner in which a decision is made. *Bettendorf v. St. Croix Cnty.*, 631 F.3d 421, 426 (7th Cir. 2011). Considering the arguments presented by North Shore, it appears that the complaint asserts violations of a procedural due process right. Nevertheless, the court will briefly address why North Shore fails to make out a compensable claim for a substantive due process violation.

The Seventh Circuit has stated:

6

> Substantive due process is admittedly an 'amorphous' concept. It is perhaps for this reason that its scope remains 'very limited.' A government entity must have exercised its power without reasonable justification in a manner that 'shocks the conscience' in order for a plaintiff to recover on substantive due process grounds.

*Bettendorf*, 631 F.3d at 426 (internal citations omitted). Here, the City's actions to enforce its CUG by issuing an Order to Correct and two citations does not fall within the narrow set of circumstances where substantive due process is implicated. The City is authorized to enforce its ordinances and applicable Wisconsin Statutes and enforcement of the same does not "shock the conscience." Hence, the mere issuance of an order to correct a perceived violation of a site plan and issuance of municipal citations for such violations must fail as substantive due process claims.

Section 1983 authorizes an injured party to assert a claim for relief against another who violates the claimant's federally protected rights. There are two elements for a prima facie case in a § 1983 action: 1) deprivation of a federal right; and 2) the person who deprived the claimant of that right acted under color of state law or municipal ordinance. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Fourteenth Amendment prohibits states from depriving persons of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This due process protection extends to action taken by municipalities. *Bettendorf*, 631 F.3d at 426. Due process is not a technical conception with a fixed content unrelated to time, place and circumstances; instead, it is flexible and calls for such procedural protections as the situation demands. *Clancy v. Office of Foreign Assets Control of U.S. Dept. of Treasury*, 559 F.3d 595, 600 (7th Cir. 2009); *see also Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

The Fourteenth Amendment creates numerous rights enforceable under § 1983 of the Civil Rights Act, including a right to procedural due process. *See Dennis v. Higgins*, 498 U.S. 439 (1991). A § 1983 claim based on denial of Fourteenth Amendment procedural due process challenges the constitutional adequacy of a state law or municipal ordinance's procedural protections. *Id.* The pursuit of procedural due process claim involves a two-step inquiry: (1) whether defendants deprived plaintiffs of constitutionally protected liberty or property interest, and (2) if so, whether that deprivation occurred without due process of law. *Doe v. Heck*, 327 F.3d 492, 526 (7th Cir. 2003).

Nevertheless, in this action the City urges the dismissal of North Shore's Fourteenth Amendment claim, contending that it is duplicative of North Shore's § 1983 claim. "Congress enacted § 1983 to serve as the means by which claims [] can be brought under the Due Process Clause of the Fourteenth Amendment in place of asserting the claim more generally under the Fourteenth Amendment." *Verdon v. Consolidated Rail Corp.*, 828 F.Supp. 1129, 1136 (S.D.N.Y. 1993). Section 1983 does not create federally protected rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). This statute provides the exclusive available federal remedy for violating federal constitutional rights under color of state law. Therefore, plaintiff's may not avoid the limitations of a § 1983 claim for relief by pursuing a claim directly under the Constitution. *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 732 n.3 (7th Cir. 1994). Courts have held that where a party brings a Fourteenth Amendment claim under § 1983, presentation of the exact claim by "a direct action [under the Fourteenth Amendment] is obviated." *Id.*

Here, the first cause of action charges that, "[t]he City, through its intimidation of North Shore, violated 42 U.S.C. § 1983, and acted under color of law to deprive North

Shore of its rights as guaranteed under the United States Constitution." (Compl. ¶ 20.) The second asserts that the City "acting under color of law, knew or should have known that failing to cite any MCO [Mequon City Ordinance] in the Order, would violate North Shore's right to due process." (Compl. ¶ 24.)

Notably, North Shore does not refute the City's assertion that the claims are duplicative. This is telling, as the City indicates in its summary judgment brief that the facts in paragraphs five, six and sixteen of the complaint, which it cites in support of the § 1983 claim, are mirrored by paragraphs twenty-four, twenty-five, and twenty-seven concerning the Fourteenth Amendment claim. Thus, it is clear that the latter claim is duplicative and must be dismissed.

In regard to the Order to Correct, the City contends that it is entitled to judgment as a matter of law because North Shore is unable to satisfy the first elements of its claim. Namely, the City maintains that North Shore does not have a federally protected interest in the CUG. It further argues that it could not violate North Shore's right to due process because the Order to Correct does not affect any protected interest. In response, North Shore submits that it is merely claiming a property interest in money it was forced to spend without due process.

The Order to Correct issued by the City of Mequon states: "Failure to correct the violation noted herein within the time set may subject you to prosecution and to penalties of $500 per violation per day (plus court costs) in the manner provided in Section 58-39 of the City of Mequon Ordinances." This language is akin to a mere warning that a citation may be issued. However, it is not a citation. As a warning, the order does not impose a fine or forfeiture. Neither does it modify or revoke the CUG pursuant to which North Shore

operates its business.   As such, the Order to Correct did not affect a constitutionally protected interest.  *See Heck*, 327 F.3d at 526.  Thus, North Shore fails to satisfy the first prong of the procedural due process analysis.  Because a procedural due process claim requires the deprivation of a constitutionally protected liberty or property interest, *Heck*, 327 F.3d at 526, and the Order to Correct does not implicate a protected interest, this court finds that the City of Mequon did not deprive North Shore of its right to due process.

Next, the court turns to the December 8, 2006 and December 14, 2006 citations.[1] "[T]o prevail on a procedural due process claim, a property owner must show that he was deprived of a full and fair hearing to adjudicate his rights."  *Bettendorf*, 631 F.3d at 427. The irrefutable evidence is that North Shore received notice and had a full trial on each citation, and it prevailed.  In other words, North Shore took full advantage of the process available to injured parties under state law.  Regardless, North Shore has provided no legitimate authority for its claim that the City must reimburse it for its property improvements and litigation expenses.  Moreover, the court has not found authority supporting North Shore's claim.  *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 241  (1975) (The American Rule provides that "[a]bsent statute or enforceable contract, litigants pay their own attorneys' fees").  Consequently, North Shore failed to establish that it is entitled to judgment as a matter of law.  Conversely, the foregoing record supports the City's summary judgment motion and establishes conclusively that North Shore was at no time deprived of any federally protected interest or legal due process with respect to the Order to Correct and the citations at issue.  Now, therefore,

_____

[1]Notwithstanding the Circuit Court's decision, section 58-39 gives the City the authority to issue citations to any person.

IT IS ORDERED that defendant's Motion for Summary Judgment (Doc. 14) is granted.

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment (Doc. 12) is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

11